UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| FAITH SATELLITE RADIO, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:11CV00073 AGF |
| LUTHERAN CHURCH MISSOURI SYNOD, et al., | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

Plaintiff Faith Satellite Radio, LLC brings this action against Defendants Lutheran Church Missouri Synod ("LCMS"), African Immigrant Lutheran Mission-Society International ("AILMSI"), and Yohannes Mengsteab alleging breach of contract, fraud, quantum meruit, unjust enrichment, and other related claims arising out of an arrangement to provide satellite radio services to various locations in Ethiopia and other parts of Africa.

Plaintiff alleges that it entered into an agreement with AILMSI and LCMS to provide the infrastructure for satellite radio broadcasts to be delivered by AILMSI on behalf of LCMS. Plaintiff further contends that AILMSI is not a separate entity, but is in fact an "arm" of LCMS, that all actions or failures to act by AILMSI should be attributed to LCMS, and that the assets of LCMS should be available to pay any liabilities incurred by AILMSI. Plaintiff also asserts that LCMS acting through AILMSI defrauded Plaintiff by allowing it to expend money and effort to establish a satellite radio network which LCMS and AILMSI had no intention of paying for or using to deliver broadcasts.

Now before the Court is Plaintiff's Motion for Default Judgment (Doc. No. 46) against AILMSI. The record reflects that Plaintiff served AILMSI with a copy of the summons and complaint on September 17, 2010. (Doc. No. 42.) Thereafter, AILMSI failed to answer or otherwise respond to Plaintiff's complaint, and on August 4, 2011, the Clerk of the Court entered default (Doc. No. 45) against AILMSI pursuant to Federal Rule of Civil Procedure 55(a). For the reasons set forth below, the Court will deny Plaintiff's motion for default judgment without prejudice to refiling at such time as the liability of the remaining Defendants has been determined.

Even when a defendant is technically in default and all of the requirements for a default judgment are met, a plaintiff is not entitled to default judgment as a matter of right. 10 James Wm. Moore, et al., *Moore's Federal Practice* § 55.31[1] (3d ed. 2010). Prior to the entry of a discretionary default judgment, a court must review the sufficiency of the complaint and the substantive merits of the claim(s), and satisfy itself that the moving party is entitled to judgment. *Id.* at § 55.31[2]; *Aldabe v. Aldabe,* 616 F.2d 1089, 1092-93 (9th Cir. 1980).

Partial default judgments are disfavored in cases involving multiple defendants because it would be incongruous to allow a plaintiff to prevail against a defaulting defendant on a legal theory that is ultimately rejected with regard to an answering defendant in the same action. *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001). Where multiple defendants are sued under a theory of joint liability and less than all of them default, a court may not enter default judgment against the defaulted defendants until the liability of the nondefaulted defendants has been decided.

*McMillian/McMillian, Inc. v. Monticello Ins. Co.*, 116 F.3d 319, 320 (8th Cir. 1997). Even if joint liability is not asserted, multiple defendants may be similarly situated with respect to the claims alleged, and entry of a default judgment against one of the "similarly situated" defendants carries a like risk of incongruous results. *See* Moore, *supra* at § 55.36 (citing *Frow v. De La Vega,* 82 U.S. 552, 554 (1872)). Conversely, when the claims alleged against multiple defendants arise from independent, concurrent wrongs, default judgment against one defendant is entirely appropriate, even if the other defendants prevail or may prevail on the merits. Moore, *supra* at § 55.36[2].

Applying these principles to the allegations of Plaintiff's complaint, the Court concludes that entry of a default judgment against AILMSI at this stage of the proceedings is not appropriate. The entry of such a judgment could well result in inconsistent outcomes. *See, e.g.*, *F.F. Heating & Cooling, Inc. v. Lewis Mech. Servs.*, No. 4:09CV1496 CAS, 2010 WL 3720190, at *2 (E.D. Mo. Sept. 13, 2010) (refusing to enter partial default judgment in action for breach of contract and quantum meruit where liability of similarly situated answering defendants was yet to be determined). Plaintiff alleges several theories of liability against all Defendants. Although some of Plaintiff's claims may arise from independent, concurrent wrongs, others are based upon a theory of joint liability. For example, Plaintiff alleges, in the alternative, that Defendants LCMS and AILMSI are in essence the same entity or, if they are distinct entities, that they are jointly and severally liable for the wrongs alleged. In addition, Plaintiff alleges that LCMS and AILMSI acted in concert to breach their agreement with Plaintiff , but also alleges that LCMS and AILMSI independently took or failed to take, actions to deprive

Plaintiff of the benefit of a proposed arrangement for the provision of satellite radio services. At this stage of the proceedings it is not possible to determine which theories of liability will predominate, much less succeed. To avoid the possible injustice that could result from inconsistent outcomes, the Court finds that the best course is to withhold a final ruling on Plaintiff's request for default judgment against AILMSI until the liability of the remaining Defendants has been determined.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Partial Default Judgment (Doc. No. 46) is **DENIED** without prejudice to refiling at such time as the liability of the remaining Defendants in this action has been determined.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of October, 2011.