UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FAITH SATELLITE RADIO, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LUTHERAN CHURCH MISSOURI )<br>SYNOD, et al., )<br>)<br>Defendants. ) | Case No. 4:11CV00073  AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on the motions of Defendant Yohannes Mengsteab ("Mengsteab")[1] to enforce settlement (Doc. No. 73) and for entry of a consent judgment. (Doc. Nos. 84 and 85.)  For the reasons set forth below, Defendant's motion to enforce settlement will be granted and judgment shall be entered for Defendant pursuant to the Settlement Agreement.

**Background**

Having engaged in court-ordered mediation of this matter, Plaintiff Faith Satellite Radio, LLC ("FSR"), Defendant The Lutheran Church-Missouri Synod ("LCMS"), Defendant Mengsteab, and Third-Party Defendant Brook Negussie ("Negussie") entered into a Settlement Agreement (the "Settlement Agreement") to fully resolve their respective claims.  All parties, including FSR and Negussie executed the Settlement Agreement (Doc. 81) on July 16, 2012.

---

[1] Mengsteab filed both a counter-claim against FSR and a third-party claim against Brook Negussie, for breach of a promissory note and unjust enrichment.

Among other things, the Settlement Agreement required FSR and Negussie to pay to Mengsteab, on or before August 15, 2012, a certain sum in consideration for Mengsteab's release of his claims against them. (Doc. 81,¶ 2.) The Settlement Agreement further required Mengsteab, immediately upon receipt of the aforementioned payment from Negussie, to assign to FSR and Negussie an April 14, 2009 Promissory Note (the "Note"). (Doc. 81,¶ 3.) In addition, the Settlement Agreement required FSR and Negussie to dismiss their claims against LCMS and Mengsteab. (Doc. 81,¶ 6.)

FSR and Negussie failed to make payment on or before August 15, 2012, as required under the Settlement Agreement. Thereafter, FSR and Negussie continued to represent that they would make payment upon Negussie's return to the United States on or about September 13, 2012. (*See* Doc. Nos. 75 and 78.) As of the date of this Order, neither FSR nor Negussie has made any payment to satisfy this obligation under the Settlement Agreement.[2] Although he has yet to receive the payment required under the Settlement Agreement, Mengsteab has executed the required assignment and provided it to counsel for FSR and Negussie to be held pending his receipt of the payment from FSR and Negussie.

The Court held a hearing on the motion to enforce the Settlement Agreement on September 24, 2012. At the hearing, the parties represented that each had entered into and executed the Settlement Agreement and that the required payment to Mengsteab had not been made. Counsel for FSR and for Negussie acknowledged to the Court that FSR

---

[2] On July 23, 2012, Defendant LCMS fulfilled its obligations under the Settlement Agreement by making certain payments to FSR and its counsel.

and Negussie do not dispute their obligation under the Settlement Agreement to pay Mengsteab and acknowledge that they have not done so.

Following the hearing, and at the Court's request, the parties engaged in substantial discussions in an attempt to resolve this matter. In the aftermath of those discussions, Mengsteab now offers a proposed consent judgment to the Court. (Doc. No. 84-1.) The proposed consent judgment reflects the parties' agreement on all but two terms of the original Settlement Agreement, a date for payment of the monies due under the Settlement Agreement, and FSR's dismissal of its claims against Mengsteab as set forth in the Settlement Agreement. (*Id.*)

Mengsteab asserts in his motion that although the parties previously reached agreement with respect to some elements of a consent judgment, they are now unable to agree on a date for payment of the monies pursuant to the proposed consent judgment, or to FSR's dismissal of its claims as previously set forth in the Settlement Agreement. (Doc. 81 ¶ 4.) Mengsteab asks the Court to enter the proposed consent judgment, including an award of attorney's fees[3]; to choose and order a new date for the payment of the funds to FSR and Negussie; and to require FSR to dismiss its claims as previously agreed. In essence, Mengsteab, while seeking enforcement of the Settlement Agreement, further asks the Court to enforce a consent judgment, which proposes to modify some of

---

[3]  The Settlement Agreement provides that a party may seek enforcement of the Settlement Agreement and that the prevailing party is entitled to an award of its reasonable attorneys' fees and costs. (Doc. No. 81 ¶ 20.)

- 3 -

the terms of the original Settlement Agreement, and then asks the Court to supply its own terms because the parties cannot agree on certain terms.

In response, FSR and Negussie assert that they cannot agree to a specific date for payment under the Settlement Agreement and cannot represent to the Court when payment will be made because they "do not know when they will be in a financial position to pay" the amount required under the Settlement Agreement.

In addition,  FSR and Negussie represent that they will agree to the dismissal of their claims against Defendant Mengsteab provided that such dismissal will not affect FSR's claims against a defaulted Defendant African Immigrant Lutheran Mission-Society International (AILMSI).  Finally, FSR and Negussie request that any consent judgment entered include language requiring Mengsteab, upon receipt of the required payment, to file a stipulation for dismissal with prejudice with regard to his claims against them.

**Applicable Law**

Settlement agreements are favored by the courts, and this Court has inherent authority to enforce a settlement agreement entered into by the parties in a pending case. *Barry v. Barry*, 172 F.3d 1011, 1013 (8th Cir.1999) (citing *Gatz v. Southwest Bank of Omaha*, 836 F.2d 1089, 1095 (8th Cir.1988)); *Caleshu v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 737 F. Supp. 1070, 1086 (E.D. Mo.1990), *aff'd*, 985 F.2d 564 (8th Cir.1991) (citing *Leon Industries, Inc. v. I.C.N. Pharmaceuticals*, 472 F. Supp. 1241, 1242 (E.D. Mo.1979)).  "Once parties have settled a dispute and have agreed to settlement terms, the parties cannot rescind it." *Caleshu v. Merrill Lynch*, 737 F.Supp. 1070, 1086 (E.D. Mo.1990) (citing *Kelly v. Greer*, 365 F.2d 669, 673 (3rd Cir.1966)).  A

party cannot avoid an otherwise enforceable settlement agreement merely because he later changes his mind or determines that the settlement is now unsatisfactory.  *Worthy v. McKesson Corp.*, 756 F.2d 1370, 1373 (8th Cir. 1985); *Washington v. Blunt*,  No. 08–CV–4092–NKL , 2011 WL 2709833, at *2 (W.D. Mo. Jul. 12, 2011).

Basic principles of contract law govern the enforcement of settlement agreements.  *Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1221 (8th Cir. 2006) (citations omitted).  Under Missouri law, the party resisting enforcement of a settlement "bears the burden of showing that the contract he has made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted." *Cameron v. Norfolk & W. Ry.*, 891 S.W.2d 495, 499 (Mo. Ct. App.1994) (citing *Callen v. Pennsylvania R.R. Co.*, 332 U.S. 625, 630 (1948)).  Even where one party "may now be unhappy with some or all of the terms . . . the fact that a party decides after the fact that a contract is not to its liking does not provide a reason to suppose that a contract was not in fact formed or to release that party from its obligation."  *Visiting Nurse Ass'n*, *St. Louis v. VNAHealthcare, Inc.*, 347 F.3d 1052, 1055 (8th Cir. 2003).

**Discussion**

On the basis of the record before it and the matters presented at the hearing, the Court finds that Plaintiff FSR, Defendants LCMS and Mengsteab, and Third-party Defendant Negussie entered into a binding settlement agreement on July 16, 2012.   FSR and Negussie acknowledge, but have not fulfilled, their obligations under the Settlement Agreement to pay certain monies to Mengsteab.  In addition, FSR is obligated under the Settlement Agreement to dismiss its claims against the remaining Defendants and

Negussie.  Neither FSR nor Negussie has offered evidence to show why they should not fulfill their obligations under the Settlement Agreement  (other than an inability to pay) or that the terms of the Settlement Agreement are invalid or unenforceable due to either fraud or mutual mistake.  Therefore, the Court concludes that the parties' settlement of this matter as set forth in the Settlement Agreement is valid and enforceable.

Mengsteab also asks the Court to enter a consent judgment, the terms of which are set forth in Doc. No. 85-1.  FSR and Negussie acknowledge their agreement to the entry of a consent judgment in the amount set forth in the Settlement Agreement, but state that they do not agree on a date when they will satisfy that judgment.  FSR and Negussie also request the Court to supply other essential terms that they have been unable to agree upon, and which are not contained in the Settlement Agreement.  This the Court will not do, as nothing in this record reflects any agreement by the parties on such additional terms.

Accordingly, the Court finds that FSR and Negussie have failed to perform their obligations under the Settlement Agreement, and that Mengsteab is entitled to enforcement of that agreement.  The Court further finds that Mengsteab is entitled to judgment against FSR and Negussie, in the principal amount set forth in the Settlement Agreement.  Mengsteab is also entitled to an award of attorney's fees related to the filing of the motion to enforce the settlement.  Mengsteab has asserted that he has expended at least $1,785 in reasonable attorney's fees to enforce the settlement.  The Court finds this amount to be reasonable, and FSR and Negussie do not contend otherwise.  Pursuant to

the terms of the Settlement Agreement, the claims of FSR against LCMS, Mengsteab and Negussie are to be dismissed with prejudice.

With respect to FSR's claims against the defaulting defendant, AILMSI, the Settlement Agreement clearly provides that these claims are expressly reserved and not waived under that Agreement. (Doc. No. 81 ¶ 4.) At such time as all other matters in the case are resolved, the Court will rule on FSR's motion for judgment of default (Doc. No. 46) against AILMSI. Until that time the Court takes no position, one way or the other, on the affect of this Order and Judgment on FSR's claim against the defaulted party.

To the extent that FSR and Negussie request that the Court impose additional terms, to which the parties have reached no agreement, such as allowing or fixing a certain date for payment, the request is denied. Pursuant to the terms of the parties' Settlement Agreement, the judgment itself shall be filed under seal.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to enforce settlement (Doc. No. 73) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff FSR's claims against LCMS and Mengsteab (but not against Defendant AILMSI) are dismissed with prejudice.

**IT IS FURTHER ORDERED** that Judgment shall be entered in favor of Mengsteab and against FSR and Negussie, in the amount set forth in the separate Judgment, filed under seal.

**IT IS FURTHER ORDERED** that Defendant Mengstaeb shall, upon receipt of the required payment from FSR, dismiss with prejudice his counterclaim and third-party claim against FSR and Negussie.

**IT IS FURTHER ORDERED** that Defendant Mengsteab's motion and amended motion for entry of consent judgment (Doc. Nos. 84 and 85) are **DENIED**, except as set forth herein.

**IT IS FURTHER ORDERED** that Defendant Mengsteab is awarded his attorney's fees attributable to the filing of the aforementioned motions, in the amount of $1,785.00.

**IT IS FURTHER ORDERED** that the parties shall have ten (10) days from the date of this Order to advise the Court of any further relief they seek.  A proposed order shall be filed with any request for further relief.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 28th day of November, 2012.