UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FAITH SATELLITE RADIO, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 4:11CV00073  AGF |
| LUTHERAN CHURCH MISSOURI ) | |
| SYNOD, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Faith Satellite Radio, LLC ("Plaintiff") brought this action against Defendants Lutheran Church Missouri Synod ("LCMS"), African Immigrant Lutheran Mission-Society International ("AILMSI") and Yohannes Mengsteab alleging breach of contract, fraud, and other related claims arising out of an arrangement to provide satellite radio services to various locations in Ethiopia and other parts of Africa.  Now before the Court are Plaintiff's Motions for Clarification and for entry of a Default Judgment against AILMSI.

Plaintiff filed this action on July 21, 2010, in the Superior Court of the District of Columbia.  Defendant LCMS removed the action to the United States District Court for the District of Columbia on August 16, 2010.  Plaintiff timely served Defendant AILMSI on September 17, 2010, but the affidavit of service of process was filed in the Superior Court of the District of Columbia rather than in the United States District Court for the District of Columbia.  *See* Doc. Nos. 41 & 42.  Thereafter, on January 11, 2011, pursuant to the parties' consent, the action was transferred to this Court.  (Doc. No. 25.)  Because

the affidavit of service of process did not appear in the record transferred to this Court on May 6, 2011, the Court issued an order for Plaintiff to show cause why the action should not be dismissed as to AILMSI for lack of timely service.  Doc. No. 40.  Plaintiff responded, explaining the mistake with respect to the filing of the affidavit of service and provided that affidavit to the Court.  *See* Doc. Nos. 41 & 42.  Thereafter, the Court entered an order requiring AILMSI to show cause why a default should not be entered against it for failure to answer or otherwise respond to the complaint in this action.  Doc. No. 43.  As of the date of this Order, AILMSI has neither answered nor filed any other response in this action and the time to do so has expired.

On August 4, 2011, the Clerk of the Court entered a default against AILMSI.  Doc. No. 45.  Plaintiff filed a motion for judgment of default, and the Court deferred the entry of a default judgment against AILMSI until such time as the liability of all remaining Defendants had been resolved.  Doc. Nos. 46 & 47.

Thereafter, during the course of court-ordered mediation, the parties reached a settlement of the matter.  *See* Doc. No. 49.  Following settlement, the parties encountered difficulty in the execution of the settlement.  After numerous extensions of time to permit the parties to finalize the settlement, Defendants filed a motion to enforce settlement.  Doc. No. 73.  On November 28, 2012, following a hearing on that motion, the Court granted the motion to enforce settlement and entered a judgment in this matter against Plaintiff Faith Satellite and Brook Negussie.  Doc. Nos. 90 & 91.

Plaintiff now moves to clarify the order granting the motion to enforce settlement asking that the default be entered against AILMSI as all matters have been resolved

against the other parties in this action.  The Court will grant that motion and enter a judgment of default.

## APPLICABLE LAW

Entry of default by the Clerk of Court pursuant to Fed. R. of Civ. P. 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b), but whether to grant default judgment is a separate question within the discretion of the Court. *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998).  After default has been entered, the defendant is deemed to have admitted all well-pleaded factual allegations in the complaint. *Marshall v. Baggett,* 616 F.3d 849, 852 (8th Cir. 2010); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation–other than one relating to the amount of damages–is admitted if a responsive pleading is required and the allegation is not denied"). Nonetheless, before the Court may enter a default judgment setting forth the declaration Plaintiff seeks, it must be satisfied that the moving party is entitled to such judgment, on the basis of the sufficiency of the complaint and the substantive merits of Plaintiff's claim. *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993); *Monsanto v. Hargrove*, No. 4:09CV1628 CEJ, 2011 WL 5330674, at *1 (E.D. Mo. Nov. 7, 2011).  At this juncture, "'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'"  *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 at 63 (3d ed.1998)).  "[A]lthough the defendant may not be allowed, on appeal, to question the want of testimony or the insufficiency or amount of the evidence,

he is not precluded from contesting the sufficiency of the bill, or from insisting that the averments contained in it do not justify the decree." *Ohio Cent. R. Co. v. Central Trust Co.*, 133 U.S. 83, 91 (1890).

## **DISCUSSION**

Having deemed the allegations in Plaintiff's complaint with respect to Defendant AILMSI admitted due to that party's failure to plead or otherwise respond, and upon review of the exhibits submitted in support of its motion for default judgment, the Court makes the following determinations. *See* Doc. Nos. 46-1 &46-2.

 Jurisdiction is proper in this Court pursuant to 28 U.S.C § 1332 as there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Pursuant to the affidavit of damages submitted in support of the motion for default judgment, Plaintiff was owed $775,945.75, pursuant to an invoice for services dated November 30, 2009, and made demand upon AILMSI for amounts due totaling $755,945.75, but AILMSI has failed to pay the same or to plead, answer or otherwise respond to this lawsuit.  Therefore, Plaintiff Faith Satellite is entitled to a judgment of default in the amount of  $755,945.75 and shall recover its costs and prejudgment interest from November 30, 2009 at the applicable statutory rate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for clarification is **GRANTED**.  (Doc. No. 92.)

**IT IS FURTHER ORDERED** that Plaintiff's motion for judgment of default is **GRANTED**.  (Doc. No. 46.)  A separate judgment shall accompany this Memorandum and Order.

All claims against all parties having now been resolved, the case is dismissed.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 12th day of February, 2013.